UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath, ) | C/A No. 8:14-cv-00785-MGL-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| Chris Golden; Clay Conyers, Anthony Cotton, ) | |
| Thomas Burgess, Sheriff John Skipper, Lt. Chris ) | |
| Vaughn, HA Barnett, Anderson County Sheriffs ) | |
| Office, and Christopher Voll, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's Motions to Issue Subpoenas, ECF Nos. 16, 17, 56, Motion to Transfer Evidence, ECF No. 21, and Motion for a Court Order, ECF No. 22. Except his final Motion to Issue a Subpoena, ECF No. 56, Defendants filed Responses to all of Plaintiff's Motions on May 27, 2014. ECF Nos. 45-47; 49. Plaintiff filed a Reply on June 9, 2014. ECF No. 61. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

**Plaintiff's Motions for Subpoenas**

Plaintiff's motions seek documents from the South Carolina Law Enforcement Division ("SLED"), Broad River Correctional Institution ("BRCI") of the South Carolina Department of Corrections ("SCDC"), and Tyger River Correctional Institution ("TRCI") of SCDC concerning injuries purportedly sustained by Plaintiff. Plaintiff requests that SLED produce copies of CDs and/or discs that contain photos of "Plaintiff's injuries in case #32-13-0053." ECF No. 16. Though Defendants do not object to Plaintiff's Motion, the court is

unable to determine where "case #32-13-0053" is currently pending, what the case concerns, and whether it is relevant to the current case before the court. The undersigned is hesitant to grant a motion that could potentially allow a plaintiff use this court as a vehicle to obtain discovery in a case that is not currently pending before it. Therefore, the court instructs Plaintiff to indicate the parties, the caption, the court where the referenced case is pending, if applicable, the correct case number for "case #32-13-0053," and other information that would allow the court to determine whether the information requested is relevant to Plaintiff's case, No. 8:14-cv-00785-MGL-KDW. Accordingly, Plaintiff's Motion for Subpoena, ECF No. 16, is **denied** at this time.

From BRCI, Plaintiff requests all copies of the photos Lt. Harvin took of him, specifically injuries to his head and face, on December 12, 2012. ECF No. 17. Finally, Plaintiff requests a copy of his dental records from TRCI. ECF No. 56. Defendants objected to Plaintiff's Motion for a Subpoena to BRCI and requested that "Plaintiff submit the request through the discovery process." ECF No. 46. Because Plaintiff is requesting a subpoena be served on another correctional institute, TRCI, Defendants could also be served the request through discovery rather than through the issuance of a subpoena. Therefore, Plaintiff's Motions for Subpoenas to be served on BRCI and TRCI are **denied**, and Plaintiff is instructed to serve Defendants with discovery requests concerning photos taken by Lt. Harvin and copies of his dental records.

### Plaintiff's Motion to Transfer Evidence

Plaintiff requests that the court transfer two CDs and all drawings detailing his injuries from case No. 5:13-317-MGL-KDW to case No. 8:14-785-MGL-KDW. ECF No. 21. Additionally, Plaintiff requests that the court display the CDs online for the public to view.

*Id.* at 1. Defendants responded to Plaintiff's Motion and indicated that they were unable to locate the docket entry Plaintiff referenced in his Motion. ECF No. 47. Additionally, Defendants objected to Plaintiff's request that the court display these materials for viewing by the public. *Id.*

On August 29, 2013, Plaintiff sent the court a letter and enclosed two CDs. *See* case No. 5:13-317-MGL-KDW, ECF No. 232. Therein, Plaintiff requested that the court send copies of the CDs to his family and keep the original copies of the CDs because SCDC considers them as contraband. *Id.* Since receiving the letter, the CDs have remained in possession of the court, but the court has not sent the CDs to Plaintiff's family members as they are non-parties to this action. Though unclear from Plaintiff's letter, it appears that Plaintiff received the CDs from SCDC because he wrote the letter and sent in the CDs after discovery responses were served on him. *Id.* at 2. Because the CDs purportedly contain information relevant to Plaintiff's current case before the court, the undersigned grants Plaintiff's Motion to transfer evidence. Therefore, Plaintiff's Motion to Transfer the CDs from case No. 5:13-317-MGL-KDW to this case is **granted**. However, Plaintiff's Motion to display the CDs online is **denied**.

Regarding Plaintiff's request to transfer drawings, the court instructs Plaintiff to identify with specificity the drawings he requests to be transferred. Accordingly, the clerk is instructed to send Plaintiff a copy of the docket from case No. 5:13-317-MGL-KDW. Upon receipt, Plaintiff is instructed to identify drawings from specific docket entries he wishes to be transferred and return the docket and his requests back to the court. Plaintiff's Motion to transfer drawings from case No. 5:13-317-MGL-KDW to this case will be **granted** once the court receives Plaintiff's specific requests.

**Plaintiff's Motion for a Court Order**

In his final Motion, Plaintiff asks the court to instruct a witness to give a statement concerning what he saw on December 11, 2012. ECF No. 22. Defendants responded to Plaintiff's Motion and requested that it be denied because it is "outside the process allowed by law to secure a statement on Affidavit." ECF No. 49. Plaintiff's Motion is **denied** because the court cannot compel a non-party to give a statement or submit an affidavit with the court.

IT IS SO ORDERED.

June 12, 2014                                              Kaymani D. West
Florence, South Carolina                         United States Magistrate Judge