IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Andrew Marshall McElrath, #336981, ) | C/A No. | 8:14-cv-00785-BHH-KDW |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | ORDER | |
| Chris Golden; Clay Conyers; Anthony ) | | |
| Cotton; Thomas Burgess; Christopher ) | | |
| Voll; Sheriff John Skipper; Lt. Chris ) | | |
| Vaughn, HA Barnett, all in their individual ) | | |
| and official capacities, and Anderson ) | | |
| County Sheriff's Office, ) | | |
| ) | | |
| Defendants. ) | | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion for Summary Judgment and/or Judgment by Default filed on August 28, 2014. ECF No. 92. Plaintiff bases his Motion on Defendants' purported overdue discovery. *Id.* Specifically, Plaintiff maintains, verbatim:

> Originally plaintiffs discovery was due as of Aug/1st/2014 and defendants filed a motion for an extension to produce plaintiffs discovery which the court granted and order defendants to produce discovery by Aug/15/2014 and the defendants have failed to comply with the courts order and meet this deadline, which leaves plaintiff asking for judgment by default as he is entitled to do so.

*Id.* Plaintiff maintains he is entitled to ask for judgment because Defendants have allegedly failed to timely respond to his discovery requests. Rule 56 of the Federal Rules of Civil Procedure does not entitle Plaintiff to a judgment in these circumstances. Rule 56(a) of the Federal Rules of Civil Procedure provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Here, Plaintiff's Motion only alleges that Defendants failed to timely respond to his discovery—it does not allege or demonstrate that there is no genuine dispute as to any

material fact. ECF No. 92. Accordingly, a Motion for Summary Judgment is inappropriate in this circumstance. Therefore, the court will construe Plaintiff's Motion, ECF No. 92, as a Motion to for Sanctions pursuant to Rule 37(b)(2)(A)(vi).

In consideration of Plaintiff's Motion, the court reviewed Defendants' Response to Plaintiff's Motion. ECF No. 93. There, Defendants maintain that they timely responded to Plaintiff's discovery on August 15, 2014, by mailing responses to the Tyger River Correctional Institution. *Id.* at 1. Later, Defendants sent Plaintiff discovery responses to Ridgeland Correctional Institution after they discovered Plaintiff was transferred there. *See* ECF No. 93-2. In his Reply, Plaintiff argues that envelopes indicate that Defendants did not send their responses until after the discovery deadline ended, and therefore, he is entitled to judgment. ECF No. 99. However, the envelope provided by Plaintiff indicated the mail was *received* at Tyger River on August 18, 2014. ECF No. 99-1 at 2. Under Rule 6(d), three days are added to the computation of time for service by mail. The court notes that Plaintiff concedes that he has received Defendants' discovery responses, though Plaintiff continues to maintain the responses were not timely. *See id.* The court finds that Defendants timely responded to Plaintiff's discovery. Accordingly, Plaintiff's Motion, ECF No. 92, is denied.

September 22, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge