IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath, #336981, ) | C/A No.   8:14-cv-00785-BHH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Report and Recommendation |
| Chris Golden; Clay Conyers; Anthony ) | |
| Cotton; Thomas Burgess; Christopher ) | |
| Voll; Sheriff John Skipper; Lt. Chris ) | |
| Vaughn, HA Barnett, all in their individual ) | |
| and official capacities, and Anderson ) | |
| County Sheriff's Office, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on two motions for default judgment filed by Plaintiff. ECF No. 129, 154. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

Plaintiff's first Motion for Default Judgment was filed on November 10, 2014. ECF No. 129. Plaintiff bases his Motion on Defendants' purported overdue Response to his Motion for Summary Judgment. *Id.* Specifically, Plaintiff maintains, verbatim:

> Pursuant to rule 55 of civil procedures the plaintiff believes he's entitled to judgment in his favor in the full amount being $1,250,00.00 due to the defendants failure to meet requirements as previously set by the courts. Previously the plaintiff moved for summary judgment and the defendant moved for a (11) day extension up to and including Oct, 31, 2014.
>
> Previously the court has advised plaintiff to allow defendants (3) additional day to allow for postal carrier. Keeping this in mind and not counting Oct, 2, 2014 because it's a Sunday the actual deadline would end on Oct, 4, 2014 this being the last day.

*Id.* Plaintiff maintains he is entitled to judgment as a matter of law because Defendants have allegedly failed to meet the court's deadline. *Id.*

On October 3, 2014, Plaintiff filed a Motion for Partial Summary Judgment, ECF No. 115, making Defendants' Response due on or before October 20, 2014. Defendants requested an eleven (11) day extension to respond to Plaintiff's Motion, ECF No. 116. The court granted Defendants' Motion and instructed Defendants to respond to Plaintiff's Motion on or before October 31, 2014. ECF No. 117. The Docket reflects that Defendants filed a Response in Opposition to Plaintiff's Motion for Partial Summary Judgment on October 31, 2014. ECF No. 124. Furthermore, Defendants maintain that they served Plaintiff with their Response by mail on October 31, 2014, ECF No. 140, and Defendants' certificate of service, ECF No. 140-2, indicates that Defendants served Plaintiff with their Memorandum in Opposition of Plaintiff's Motion for Summary Judgment on October 31, 2014. Additionally, Defendants provided the court with an Affidavit from Beth Tidwell, the Administrative Assistant to the Agency Mailroom Coordinator with the S.C. Department of Corrections, who avers that Plaintiff received a legal correspondence from Defense Counsel on November 4, 2014, and signed to acknowledge receipt of the mail on November 5, 2014. ECF No. 140-1.

The critical date at issue is not when Plaintiff received Defendants' Response but when Defendants served Plaintiff with their Response. Defendants' certificate of service demonstrates that Defendants timely responded to Plaintiff's Motion for Partial Summary Judgment. Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The undersigned has reviewed the docket and finds that Defendants' Response, which was

due on or before October 31, 2014, was timely filed and timely served on Plaintiff on October 31, 2014. ECF No. 131, 140, 140-2. Accordingly, it is recommended that Plaintiff's Motion of Default, **ECF No. 129, be denied.**

Additionally, Plaintiff filed a separate Motion for Default Judgment on December 31, 2014. ECF No. 154. There, Plaintiff cites to Rules 37 and 55 and requests that the clerk or judge enter a default judgment because "defendants counsel submitted in bad faith a incomplete response opposing plaintiffs motion for summary judgment." *Id.* at 1-2. Specifically, Plaintiff maintains that counsel withheld attachments 21 and 22 from the "case file,. . . making this answer/response evasive/incomplete which must be treated as a failure to answer and/or response accordingly rule (37(a))(4)." *Id.* at 2. In their Response, Defendants maintain that all of Plaintiff's medical records are before the court for review, and the court is in possession of a CD that supposedly contains photographs of Plaintiff after the incident. ECF No. 129. Therefore, Defendants maintain that all "the relevant evidence is before the Court for consideration. *Id.*

Rule 55 instructs the court to enter default when a party has "failed to plead or otherwise defend." Here, as Plaintiff concedes, Defendants have responded to Plaintiff's Motion for Partial Summary Judgment. Thus, Defendants are actively defending the action against them. Though Plaintiff maintains that Defendants' Response is incomplete or evasive, this is not a ground on which the court may enter default. *See* Rule 55. Furthermore, Rule 37 of the Federal Rules of Civil Procedure concerns parties' "failure to make disclosures or to cooperate in discovery; sanctions." Rule 37(4) provides: "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." The "subdivision (a)" mentioned there specifically concerns a "Motion for an Order Compelling Disclosure of Discovery." Rule 37 concerns parties' obligations to respond to discovery requests

in good faith—it does not concern the manner in which a party must defend against summary judgment. Accordingly, the undersigned recommends Plaintiff's Motion for Default Judgment, **ECF No. 154, be denied.**

IT IS SO RECOMMENDED.

January 22, 2015                                                              Kaymani D. West
Florence, South Carolina                                              United States Magistrate Judge