UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Marshall McElrath,<br><br>      Plaintiff,<br><br>vs.<br><br>Chris Golden, Clay Conyers, Anthony Cotton, Thomas Burgess, Christopher Voll, Sheriff John Skipper, Lt. Chris Vaughn, HA Barnett, all in their individual and official capacities, and Anderson County Sheriff's Office,<br><br>      Defendants. | Civil Action No. 8:14-785-BHH<br><br>**OPINION AND ORDER** |

The plaintiff, Andrew Marshall McElrath, proceeding *pro se*, brought this Section 1983 action alleging violations of his constitutional rights during his arrest and recapture after escaping from prison. This matter is before the Court for review of two Report and Recommendations of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 for the District of South Carolina.

**BACKGROUND**

The Reports thoroughly set forth the facts, allegations, and procedural history relevant in this case, and the Court will summarize the facts only briefly. This case arises out of the plaintiff's apprehension by officers of the South Carolina Department of Corrections (SCDC) and the Anderson County Sheriff's Office. The plaintiff apparently escaped from Wateree Correctional Institution on December 8, 2012 and was rearrested at his ex-girlfriend's house in Anderson, South Carolina, on December 11,

1

2012.  The plaintiff alleges that when he arrived at his ex-girlfriend's house, SCDC investigators emerged from the bathroom with their weapons drawn and ordered the plaintiff to lie on the ground and put his hands behind his back.  The plaintiff claims that he complied, but that once handcuffed, he was brutally beaten by the officers while deputies from the Anderson County Sheriff's Department stood outside watching.  The plaintiff alleges that he was beaten in the face, head, torso, and back, and that his shoulder was injured when one of the defendants forced his hands above his head from behind.  He maintains that although he requested medical treatment and EMS was called, the defendants deceived him into signing a form refusing treatment.  The plaintiff claims that he thought he was signing a form allowing EMS to transport him to the hospital, but that he could not see properly because his eyes were swollen shut from the beating he had received.  The medical evidence is consistent with the plaintiff having received numerous blows to the face and reflects an unhealed fracture in his shoulder of unknown origin.

The Magistrate Judge issued a Report (ECF No. 170) (the "First Report") on January 22, 2015 recommending that the plaintiff's motions for default (ECF No. 129) and default judgment (ECF No. 154) be denied.  The Magistrate Judge issued her second Report (ECF No. 177) (the "Second Report") on February 13, 2015 recommending that the defendants' motion for summary judgment (ECF No. 123) be granted with regard to the defendants Cotton, Burgess, Voll, Skipper, Vaughn, Barnett, and the Anderson County Sheriff's Office because the undisputed evidence in the record shows that these defendants were not in the residence at the time the plaintiff alleges he was beaten.  The Second Report also recommends that the defendants'

motion for summary judgment be denied in part with regard to the defendants Golden and Conyers and that the plaintiff's motion for summary judgment (ECF No. 115) be denied as well.

The plaintiff filed an objection to the First Report (ECF No. 174) on February 2, 2015 and to the Second Report (ECF No. 177) on February 26, 2015.  The defendants filed an objection (ECF No. 192) to the portion of the Second Report that denies summary judgment to the defendants Golden and Conyers.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation (the "Report") to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Summary Judgment**

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56 (c)(1)(A). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.,* 53 F.3d 55, 62 (4th Cir. 1995).

"[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1996). "Summary judgment is proper only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir.1987). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## DISCUSSION

Because the parties submitted specific objections to the Magistrate Judge's Reports, this Court has conducted a thorough, *de novo* review of the record. The Court will address each objection separately.

**The Plaintiff's Objection to the First Report (ECF No. 174)**

The First Report recommends that the plaintiff's motions for default (ECF No. 129) and default judgment (ECF No. 154) be denied. The plaintiff's motion for default seeks default on the grounds that the defendants were late in responding to his motion for summary judgment. The plaintiff contends that the defendants' response arrived late to him. As the Magistrate Judge explained, given the extension they received from the Court, the defendants' response was timely filed and served and the date that matters is the date on which the response was served, not the date on which the prisoner actually receives the response. The plaintiff does not offer any meritorious objection to this finding, and the Court agrees with the Magistrate Judge's analysis.

The plaintiff's motion for default judgment is based on his claim that defense counsel withheld documents that the plaintiff is entitled to in discovery. The plaintiff appears to have combined Rules 37 and 55 and is arguing that the defendants' allegedly inadequate discovery responses under Rule 37 should be treated as a failure to plead or otherwise defend under Rule 55. As the Magistrate Judge explained, inadequate discovery responses do not automatically entitle a party to default under Rule 55. While a Court is authorized to render default judgment as a sanction for disobeying certain orders regarding discovery, *see* FRCP 37(b)(2)(A)(vi), there is no automatic right to a default judgment in these circumstances. Moreover, in this instance, the defendants have asserted that the evidence sought does not exist, which is not necessarily equivalent to refusing to obey a discovery order. If it turns out the defendants have improperly lost or destroyed evidence in this case, there are a range of remedies that may be appropriate to protect the plaintiff from being unfairly prejudiced.

5

However, at this stage the Court agrees with the Magistrate Judge that a default judgment is not warranted, and the plaintiff's objection to the First Report is hereby overruled.

**<u>The Plaintiff's Objection to the Second Report (ECF No. 181)</u>**

The plaintiff agrees with the Magistrate Judge's conclusion that the case should be dismissed against Lt. Chris Vaughn, H.A. Barnett, John Skipper, Anthony Cotton, and Thomas Burgess.  The plaintiff objects to the dismissal of the Anderson County Sheriff's Office, arguing that he made a mistake in his allegations of fact against the Anderson County Sheriff's Office and seeking leave to re-submit his evidence to the Magistrate Judge.  This request is untimely and is not a valid objection to the Magistrate Judge's Report.  The objection is accordingly overruled.

**<u>The Defendants' Objection to the Second Report (ECF No. 192)</u>**

The Magistrate Judge recommended that this Court decline to grant summary judgment to the defendants Chris Golden and Clay Conyers on the grounds that there is a genuine issue of material fact regarding the conduct of these officers in arresting the plaintiff and a finding that the officers would not be entitled to qualified immunity for the alleged conduct.  The defendants' objection argues (1) that the Second Report fails to consider the unrefuted evidence regarding the incident and that the use of force was reasonable, (2) that the plaintiff's injuries were not as severe as he has claimed, (3) that the case should be analyzed under the Eighth Amendment and not the Fourth Amendment, and (4) that even under the Fourth Amendment, the officer's use of force was reasonable.  (*See* ECF No. 192.)

The Court agrees with the Magistrate Judge's analysis. There are genuine issues of material fact regarding whether the plaintiff's use of force was reasonable. First, the allegedly unrefuted evidence regarding the incident -- the fact that the plaintiff was "engaged in the criminal activity of bringing drugs to the residence," had threatened to kill the resident and her son, had been on the run, and moved his hands toward his pockets – would still not justify the defendants in beating the plaintiff after he was handcuffed and subdued, which is what has been alleged. Second, there is a genuine issue of material fact regarding whether the plaintiff intended to decline treatment from EMS, and even if he did decline treatment, this fact, while certainly helpful to the defendants, would not necessarily foreclose his claims as a matter of law. Third, the fact that a SLED investigation did not find wrongdoing sufficient for the Solicitor to prosecute the defendants is not dispositive of whether the use of force was reasonable. Finally, the Court does not understand the defendants to have objected to the Second Report's finding that the defendants are not entitled to qualified immunity, but to whatever extent that argument is implied, the Court agrees with the Magistrate Judge's analysis.

Additionally, the defendants are not entitled to summary judgment simply because the plaintiff's injuries are allegedly less serious than he claimed. The Magistrate Judge analyzed this case under both the Eighth Amendment and the Fourth Amendment, and found that under either standard, the plaintiff could survive summary judgment on his claims against the defendants Golden and Conyers. The Court need not determine the applicable standard at this stage because it agrees with the

7

Magistrate Judge that the plaintiff's claims survive summary judgment either way. The defendants' objections are accordingly overruled.

## **CONCLUSION**

For the reasons set forth above, the parties' objections are overruled, and the Magistrate Judge's Report is adopted and incorporated herein by reference. The plaintiff's motion to appoint counsel (ECF No. 191) will be ruled upon in a separate Order that will be entered at a later date. All other pending motions are denied.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 26, 2015
Greenville, South Carolina